IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICKY LUNA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-015-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Ricky Luna, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:21-CR-039-Z, reflects the following:

On May 27, 2021, Petitioner was named in a two-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF 18). Petitioner and his counsel signed a factual resume setting forth the elements of the offense alleged in count two of the indictment and the stipulated facts establishing that Petitioner committed offense. (CR ECF 48). In particular, Petitioner stipulated that he possessed 435.9 grams of methamphetamine with a purity level of 100 percent. (*Id.* at 2–3). Petitioner and his counsel also signed a plea agreement. (CR ECF 49). On October 29, 2021,

Petitioner entered his plea of guilty to count two of the indictment. (CR ECF 58). The undersigned determined that the plea was knowing and voluntary and that the offense charged was supported by an independent basis in fact and recommended that the plea be accepted. (CR ECF 59). No objections were lodged and the Court adopted the recommendation. (CR ECF 64).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 36. (CR ECF 66, ¶ 19). He received a two-level reduction under USSG 2D1.1(b)(18), and a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 20, 26, 27). Based on a total offense level of 31, and a criminal history category of I, his guideline imprisonment range was 108 to 135 months. (*Id.* ¶ 61). Petitioner filed an objection, (CR ECF 75), and the probation officer prepared an addendum to the PSR. (CR ECF 79).

The Court sentenced Petitioner to a term of imprisonment of 96 months. (CR ECF 93). Petitioner filed an untimely notice of appeal. (CR ECF 106). The appeal was dismissed for want of prosecution. (CR ECF 110).

## GROUNDS OF THE MOTION

Petitioner sets forth three grounds in support of his motion. He alleges that he received ineffective assistance of counsel because (1) discovery was never produced when he asked for it; (2) counsel never told Petitioner that he could obtain an independent chemical analysis of the drugs; and (3) counsel failed to contest the government's failure to prove whether the substance was D-methamphetamine or L-methamphetamine. (ECF 2 at 4–6).

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable,"

*Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## **ANALYSIS**

The entry of a guilty plea waives all nonjurisdictional defects in the proceedings, including all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Here, Petitioner does not assert that his guilty plea was not knowing and voluntary; thus, to the extent Petitioner contends that he would not have entered a guilty plea but for the mis-advice of counsel, the grounds of his motion are waived. It does not appear that he could prevail in any event. His plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Petitioner's grounds are vague and conclusory and fail to raise a constitutional issue. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (although pleadings of *pro se* litigants are liberally construed, they must still provide sufficient facts in support of their claims). In particular, conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The petitioner

must plead and prove the particular professional failure. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984). Here, he simply makes three allegations, but fails to show how any of them would have made any difference in his case. For example, he complains about discovery not having been provided, but he does not describe the particular discovery or explain how counsel's failure to disclose it to him amounted to deficient performance. *See Guerrero v. United States*, No. SA-20-CV-1181-XR, 2021 WL 1146006, at *3 (W.D. Tex. Mar. 24, 2021) (claim that failed to specify what undisclosed discovery was or how failure to disclose it harmed petitioner was too vague and conclusory to warrant relief). Likewise, he fails to explain what difference an independent drug analysis or a determination of type of methamphetamine would have made. Petitioner did not dispute the purity of the drugs. (CR ECF 66 at ¶¶ 9, 12).

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Ricky Luna, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 11, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).